GREGORY NICOLAYSEN (CA 98544)
27240 Turnberry Lane, Suite 200
Valencia, CA 91355
P: (818) 970-7247 / F: (661) 252-6023
Email: gregnicolaysen@aol.com
Attorney For Defendant,
Joseph Roh

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> v. ) <br> ) <br> ) <br> ) <br> JOSEPH ROH, ) <br> ) <br> ) <br> ) <br> Defendant ) <br> _____ ) | SA CR 14 - 167 - JVS <br><br> DISCLOSURE OF DEFENSE EXPERT DANIEL G. KELLY FILED BY DEFENDANT JOSEPH ROH <br><br> TRIAL: February 20, 2018 <br> TIME: 8:30 a.m. <br> CTRM: The Hon. James V. Selna |

TO: THIS HONORABLE COURT AND THE U.S. GOVERNMENT, THROUGH ITS COUNSEL OF RECORD, ASSISTANT U.S. ATTORNEYS SHAWN NELSON AND BENJAMIN LICHTMAN:

Defendant Joseph Roh respectfully submits his Expert Disclosure for

trial, pursuant to this Court's order of December 21, 2017.

DATED: February 05, 2018         Respectfully Submitted,


                                 _____/S/_____
                                 **GREGORY NICOLAYSEN**
                                 **Counsel for Defendant,**
                                 **Joseph Roh**

2

**DISCLOSURE OF DEFENSE EXPERT DANIEL G. O'KELLY**

Defendant Joseph Roh intends to call at trial as an expert Daniel G. O'Kelly, pursuant to Federal Rules of Evidence sections 702, *et. seq*.

A. <u>Subject Areas Of Expert Testimony</u>

Mr. O'Kelly will testify as a firearms expert on the following subjects and render the following opinions:

1. Mr. O'Kelly will provide rebuttal testimony to the government's designated expert, Daniel Hoffman, specifically in regard to Hoffman's proffered testimony on the following subjects listed in the Government's Expert Disclosure: "(2) identify a finished AR-15-type lower receiver, which is a firearm; (3) "explain the process for finishing an unfinished AR-15-type lower receiver into a finished lower receiver that is a firearm" (Gov's expert disclosure at page 3, lines 15-18);

2. Mr. O'Kelly will render the opinion that an AR-15-type blank that has undergone complete machining does not constitute a "receiver" under 27 C.F.R. 478.11 and thus does not constitute a "firearm" under 18 U.S.C. 921(a)(3).

3

> 18 U.S.C. 921(a)(3) defines the term "firearm" as follows:
>
>> The term "firearm" means (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) *the frame or receiver of any such weapon*; (C) any firearm muffler or firearm silencer; or (D) any destructive device. Such term does not include an antique firearm. (Italics and Underlining Added)
>
> The definition of a "receiver" is found in 27 C.F.R. 478.11 ("Firearm Frame or Receiver"), which states as follows:
>
>> That part of a firearm which provides housing for the hammer, bolt or breechblock, and firing mechanism, and which is usually threaded at its forward portion to receive the barrel.
>
> Mr. O'Kelly will testify at trial that the tooling / machining of a blank at Mr. Roh's business through the use of the NC machine and manual drill press produced a part that did not, in and of itself, constitute a "firearm

4

frame or receiver" as defined in 27 CFR 478.11 and thus did not constitute a firearm under 18 U.S.C. 921(a)(3).

In his testimony, Mr. O'Kelly will explain that under section 478.11, in order to constitute a "receiver", the item must, among other things, house the bolt or breechblock. An AR-15 blank that has undergone complete machining – that being the part regarded by ATF as a lower receiver – does not house the bolt or breechblock. While it is acknowledged that all firearms utilize either a bolt or a breechblock, the AR-15-type firearm utilizes a bolt rather than a breechblock. The bolt of an AR-15-type firearm is housed in the part commonly known as the "upper receiver." The ATF has always held that the upper receiver for an AR-15- type firearm is not a "receiver" and therefore not a "firearm".

Because the machining / tooling process undertaken by Roh's business on the blank did not provide housing for either a bolt or a breechblock, the part produced by the machining / tooling process did not satisfy essential criteria to constitute a "receiver" under section 478.11. In regard to the AR-15-type rifle, it is only when the completely machined blank has been assembled together with the upper receiver that a "receiver" under section

5

478.11 has been created for purposes of meeting the definition of "firearm" under section 921(a)(3).

With regard to additional criteria under section 478.11, Mr. O'Kelly will further testify that the part of an AR-15- type firearm treated by ATF as a lower receiver is not threaded at its forward portion to receive the barrel, and does not even receive the barrel at all. Instead, it is the "upper receiver" of the AR-15 that is threaded at its forward portion in order to receive the barrel, and does in fact receive the barrel.

In short, the part produced at Mr. Roh's business through the machining / tooling process did not provide housing for a bolt or breechblock, and did not create an item which is threaded at a forward portion to receive a barrel, thus failing to satisfy essential criteria under 27 CFR 478.11 to constitute a "receiver." Because the machined part did not constitute a receiver, the part also did not meet the criteria to qualify as a "firearm" under 18 U.S.C. 921(a)(3).

Mr. O'Kelly will also testify that ATF's position as to the AR-15 in treating a so-called "lower receiver" as a firearm has been inconsistent over the years with its position in regard to other firearms. As one example

among several that Mr. O'Kelly will provide at trial, the ATF has maintained that both the FAL-type rifle, and the AR-15-type rifle, have an "upper receiver" and a "lower receiver". On both models, the "upper receiver" is threaded at its forward portion to receive the barrel, and it houses the bolt/breechblock. On both models, the hammer and complete firing mechanism are in the lower receiver. In short, on both models, the same two features are found in the upper receiver and lower receiver. However, in regard to the AR-15-type firearm, ATF treats the "lower receiver" as the "receiver" for purposes of qualifying as a firearm; and the "upper receiver" as inconsequential; conversely, in regard to the FAL-type firearm, ATF treats the "upper receiver" is the "receiver" for purposes of qualifying as a firearm; and the "lower receiver" as inconsequential.

     Not only is ATF being inconsistent in its designation of which receiver is the firearm; but ironically, neither item on either of these models meets more than half of the criteria under 27 CFR 478.11 to legally constitute a "receiver." It is only when the "lower receiver" and "upper receiver" have been assembled that all of the essential features of a "receiver" under section 478.11 have been combined to meet the standard for creating a firearm.

7

### B. Bases For Expert Testimony

Mr. O'Kelly's Curriculum Vitae is enclosed. Mr. O'Kelly is a former senior ATF agent whose training and experience includes over 34 years of full time experience as a Firearm Specialist, Criminal Investigator, Range Instructor, ammunition and firearm manufacturer, and collector. As an expert witness, he has testified on firearms and ammunition in Federal and State courts since 1990, and have given numerous depositions in criminal and civil cases. Since 1996, he has been a full-time instructor of most facets of the field of firearms, including ballistics, forensics, ATF compliance and regulations.

Also enclosed is the Declaration of Daniel G. O'Kelly in the federal civil action entitled, <u>Lycurgan, Inc. d/b/a Ares Armor vs. D. Todd Jones, et al</u>, Case No. 14-CV-1679 JLS (BGS) (Southern District of California), which contains testimony on the subjects covered in this expert disclosure as to which Mr. O'Kelly will testify at the trial of this action.

DATED: February 05, 2018          Respectfully Submitted,

                                                    /S/
                                 **GREGORY NICOLAYSEN**
                                 **Counsel for Defendant,**
                                 **Joseph Roh**