NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
SHAWN J. NELSON (Cal. Bar No. 185149)
Assistant United States Attorney
Acting Deputy Chief, International Narcotics,
 Money Laundering, & Racketeering Section
BENJAMIN D. LICHTMAN (Cal. Bar No. 241135)
Assistant United States Attorney
Santa Ana Branch Office
     411 West 4th Street
     Santa Ana, California 92701
     Telephone: 213-904-5339/714-338-3530
     Facsimile: 714-338-3708
     E-mail: shawn.nelson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. SA CR 14-00167-JVS |
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT JOSEPH ROH |
| v. | |
| JOSEPH ROH, | |
| Defendant. | |

1.  This constitutes the plea agreement between Joseph Roh ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authority.

DEFENDANT'S OBLIGATIONS

2.  Defendant agrees to:

     a. At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count one of the indictment in <u>United States v. Joseph Roh</u>, SA CR No. 14-00167-JVS, which charges defendant with engaging in the business of manufacturing firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A).

     b. Not contest facts agreed to in this agreement.

     c. Abide by all agreements regarding sentencing contained in this agreement.

     d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

     e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

     f. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

     g. Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

     h. Abide by the conditions in the attached diversion agreement.

THE USAO'S OBLIGATIONS

    3. The USAO agrees to:

     a. Not contest facts agreed to in this agreement.

      b. Abide by all agreements regarding sentencing contained in this agreement.

      c. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

      d. Abide by the terms of the attached diversion agreement. Particularly, if defendant complies with his obligations under this agreement and the attached diversion agreement, the government agrees to: join in a motion to permit defendant to withdraw the guilty plea entered by defendant pursuant to this agreement, and (ii) move to dismiss as against defendant the count to which defendant entered a guilty plea pursuant to this agreement and the remaining count of the indictment.

## NATURE OF THE OFFENSE

4. Defendant understands that for defendant to be guilty of the crime charged in count one, that is, engaging in the business of manufacturing firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A), the following must be true:

    (1) the defendant was willfully engaged in the business of manufacturing firearms within the dates specified in the indictment; and

    (2) the defendant did not then have a license as a firearms manufacturer.

3

## PENALTIES

5.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 922(a)(1)(A) is: five years imprisonment; a three-year period of supervised release; a fine of $1,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the Court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that

1 unanticipated collateral consequences will not serve as grounds to
2 withdraw defendant's guilty plea.
3     8.   Defendant understands that, if defendant is not a United
4 States citizen, the felony conviction in this case may subject
5 defendant to: removal, also known as deportation, which may, under
6 some circumstances, be mandatory; denial of citizenship; and denial
7 of admission to the United States in the future.  The Court cannot,
8 and defendant's attorney also may not be able to, advise defendant
9 fully regarding the immigration consequences of the felony conviction
10 in this case.  Defendant understands that unexpected immigration
11 consequences will not serve as grounds to withdraw defendant's guilty
12 plea.

### FACTUAL BASIS

14     9.   Defendant admits that defendant is, in fact, guilty of the
15 offense to which defendant is agreeing to plead guilty.  Defendant
16 and the USAO agree to the statement of facts provided below and agree
17 that this statement of facts is sufficient to support a plea of
18 guilty to the charge described in this agreement and to establish the
19 Sentencing Guidelines factors set forth in paragraph 11 below but is
20 not meant to be a complete recitation of all facts relevant to the
21 underlying criminal conduct or all facts known to either party that
22 relate to that conduct.

> From on or about January 12, 2013, through on or about February
> 6, 2014, defendant engaged in the business of manufacturing
> firearms without a license by making AR-15-type rifles and
> pistols that would expel a projectile by action of an explosive.
> Defendant did this through a process that included machining the
> lower assembly of an AR-15-type firearm and then installing the

remaining parts onto that assembly.  Defendant engaged in this conduct willfully, that is, knowing that his conduct was unlawful.  Defendant carried on this business at a warehouse located on Beach Boulevard, in the City Of La Habra, in Orange County, within the Central District of California.  Defendant charged his customers about $1,000 per firearm depending on the precise parts and accessories chosen by the customer.  Defendant did not have a license to manufacture firearms.

## SENTENCING FACTORS

10.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

11.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

  Base Offense Level:             12           USSG § 2K2.1(a)(7)

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

12. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

13. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

14. Defendant understands that by pleading guilty, defendant gives up the following rights:

   a. The right to persist in a plea of not guilty.

   b. The right to a speedy and public trial by jury.

   c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

   d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

   e. The right to confront and cross-examine witnesses against defendant.

   f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

   g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

      h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### WAIVER OF APPEAL OF CONVICTION

15.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

16.   Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 12 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Order 18-10 of this Court; the drug testing conditions

mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

17.  The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

18.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

19.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

20.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously

entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES</u>

21. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

22. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 11 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

23. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions

different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

24. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

25. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

NICOLA T. HANNA
United States Attorney

_____ /B.O.L.      5-6-19
SHAWN J. NELSON                       Date
Assistant United States Attorney

_____               5-3-19
JOSEPH ROH                            Date
Defendant

_____               5-3-2019
GREG NICOLAYSEN                       Date
Attorney for Defendant Joseph Roh


CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences

12

of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____     5-3-19
JOSEPH ROH                         Date
Defendant

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Joseph Roh's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

*/s/ Gregory Nicolaysen*          5-3-2019
GREG NICOLAYSEN                   Date
Attorney for Defendant Joseph Roh

# EXHIBIT A



# United States Department of Justice

## United States Attorney's Office
## Central District of California

*Shawn J. Nelson*
*Phone: 213-894-5339*
*E-mail: shawn.nelson@usdoj.gov*

*1400 United States Courthouse*
*312 North Spring Street*
*Los Angeles, California 90012*

May 3, 2019

<u>Via Electronic Mail</u>

Greg Nicolaysen
27240 Turnberry Lane, Suite 200
Valencia, California 91355

Re: <u>United States v. Joseph Roh</u>, No. SA CR 14-00167-JVS

Dear Mr. Nicolaysen,

You have advised me that your client, defendant Joseph Roh ("defendant"), having committed a violation of 18 U.S.C. § 922(a)(1)(A), engaging in the business of manufacturing firearms without a license (the "offense"), wishes to participate in Pretrial Diversion ("Diversion"). Both you and defendant agree that defendant committed the offense within the Central District of California by engaging in the following conduct:

> From on or about January 12, 2013, through on or about February 6, 2014, defendant engaged in the business of manufacturing firearms without a license by making AR-15-type rifles and pistols that would expel a projectile by action of an explosive. Defendant did this through a process that included machining the lower assembly of an AR-15-type firearm and then installing the remaining parts onto that assembly. Defendant engaged in this conduct willfully, that is, knowing that his conduct was unlawful. Defendant carried on this business at a warehouse located on Beach Boulevard, in the City Of La Habra, in Orange County, within the Central District of California. Defendant charged his customers about $1,000 per firearm depending on the precise parts and accessories chosen by the customer. Defendant did not have a license to manufacture firearms.

By signing this letter agreement ("Letter Agreement") and the plea agreement ("Plea Agreement") defendant admits the criminal conduct described above and acknowledges responsibility for this criminal conduct.

After an investigation of the offense and defendant's background, the United States Attorney's Office for the Central District of California (the "USAO") agrees that the interests of justice will be served by a period of diversion to be administered under the supervision of the United States Pretrial Services Agency ("Pretrial Services") and an assigned Pretrial Services Officer ("PSO").

Greg Nicolaysen
RE: Diversion Agreement
May 3, 2019

Accordingly, the USAO agrees that prosecution of defendant for the offense shall be deferred for a period of twelve months from the date this Letter Agreement and the Plea Agreement are executed by all parties, and after the court accepts defendant's guilty plea, provided defendant abides by all of the following conditions of this letter agreement and the plea agreement, to which defendant agrees by signing this Letter Agreement:

(1) Answer truthfully all inquiries by the PSO and follow her/his instructions and any additional Conditions imposed by her/him;

(2) Report to the PSO as directed by her/him;

(3) Not violate any law (federal, state, or local);

(4) Advise the PSO within 48 hours if arrested and/or questioned by any law enforcement officer;

(5) Attend school or work regularly at a lawful occupation unless excused by the PSO. If defendant becomes unemployed or is unable or unwilling to attend school, defendant shall notify the PSO within 24 hours. Defendant will obtain PSO approval prior to making any school or work changes;

(6) Notify the PSO at least ten days prior to any change of residence, and not make any such change without prior PSO approval. If defendant intends to move out of the Central District of California (Los Angeles, Orange, Riverside, San Bernardino, Ventura, Santa Barbara, and San Luis Obispo Counties), defendant must notify the PSO at least 30 days prior to the intended move so that the appropriate transfer of program responsibility can be made;

(7) Not purchase, possess, use, distribute or administer any narcotic or other controlled substance as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 801) or any paraphernalia related to such substances, without a prescription by a licensed medical practitioner, with the exception of marijuana, which defendant may not purchase, possess, use, distribute or administer in any form, even with a prescription;

(8) Permit the PSO to visit at any time at home or elsewhere;

(9) Travel is restricted to the Central District of CA unless prior permission is granted by Supervising Agency to travel to a specific other location. Court permission is required for international travel..

(10) Perform 60 hours of community service as directed by the PSO;

Should defendant violate any of the conditions of diversion set forth above, the USAO may at any time: (1) revoke or modify any of the conditions of diversion; (2) lengthen the period of diversion; or (3) terminate diversion and reinitiate prosecution for the offense. Any decision to revoke, modify, lengthen, or terminate diversion rests solely with the USAO in its exclusive discretion. At the time the USAO makes any such decision, it will furnish counsel for defendant

2

Greg Nicolaysen
RE: Diversion Agreement
May 3, 2019

with written notice specifying the condition(s) of diversion defendant has violated and the reasons why diversion is being revoked, modified, lengthened, or terminated.

Should prosecution of defendant for the offense be reinitiated by the USAO, defendant agrees that any period of delay in prosecution occasioned by this Letter Agreement shall be excluded from consideration as to any rights defendant may have to a speedy trial under the Sixth Amendment to the United States Constitution, the Speedy Trial Act (18 U.S.C. §§ 3161 et seq.), the Federal Rules of Criminal Procedure (including Rule 48(b)), and/or the applicable statute of limitations.

Should prosecution of defendant for the offense be reinitiated by the USAO, the USAO agrees that neither this Letter Agreement nor any information obtained from defendant as the result of defendant's participation in diversion will be used against defendant, except for impeachment purposes, in connection with any prosecution of defendant for the offense.

If, upon completion of defendant's period of diversion, a diversion report is received by the USAO from Pretrial Services to the effect that defendant has complied with all the conditions of diversion set forth above, no criminal prosecution of defendant for the offense will be instituted by the USAO, and the USAO will move to dismiss with prejudice any citation, complaint, indictment, or information charging defendant for the offense.

The obligations of the USAO under this Letter Agreement are conditioned on the execution by you and defendant of a stipulation, in a form to be prepared by the USAO, requesting a continuance of the sentencing date in this matter to a date beyond the period of diversion, and agreeing that the interim period is excludable pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161 et seq.

If the Court agrees to accept your guilty plea, this diversion agreement, and plea agreement, in doing so approving your participation in diversion, and you thereafter successfully complete diversion, then, as specified in the plea agreement pursuant to which you enter your guilty plea, that guilty plea will be vacated and the criminal charges against you in the case referenced above will be dismissed with prejudice.

In the Central District of California, Southern Division, Pretrial Services is located at the United States Courthouse, 411 West Fourth Street, Suite 4070, Santa Ana, California 92701. By executing this Letter Agreement, defendant acknowledges defendant's understanding that supervision of defendant's period of diversion may be transferred to another Judicial District and/or Branch Office of Pretrial Services.

///

Greg Nicolaysen
RE: Diversion Agreement
May 3, 2019

This Letter Agreement will be effective only upon signature by the AUSA, defendant, defendant's counsel, and the PSO. After reviewing this Letter Agreement, the PSO may request changes or additional conditions before signature. In that case, this Letter Agreement signed by the AUSA, defendant, and defendant's counsel will be void, and a new letter agreement with the changes required by the PSO should be prepared for signature by all necessary parties.

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

_____     5-6-19
SHAWN J. NELSON/BENJAMIN D. LICHTMAN   Date
Assistant United States Attorneys

_____     5-6-19
U.S. Pretrial Services Officer         Date

I have read the agreement contained in this Letter Agreement and carefully reviewed it with my attorney. I understand it, and I voluntarily, knowingly and willfully agree to all of its terms, including in particular the specified conditions of diversion. I have not been subjected to any force, threat, or coercion in agreeing to the terms of this Letter Agreement, and no other promises or inducements have been made to me other than those contained in this Letter Agreement. I acknowledge responsibility for my criminal conduct as described above. I am satisfied with the representation of my attorney in this matter.

_____     5-3-19
JOSEPH ROH                            Date

I am Joseph Roh's attorney. I have carefully discussed every part of this Letter Agreement with my client. To my knowledge, my client's decision to enter into this Letter Agreement is informed and voluntary.

_____     5-3-2019
GREG NICOLAYSEN                       Date
Attorney for Joseph Roh

4